ROBERT A. CLARK, Adm'r, &c., *v.* JOHN T. HULL, Adm'r, &c.

1. EXECUTOR AND ADMINISTRATOR : LIABILITY OF, IN SUITS REVIVED AGAINST THEM.— If a bill be filed for the recovery of slaves, to which the defendant claimed title, and pending the litigation the defendant died, and thereupon the suit was revived against his administrator, who kept possession of the slaves, and defended the suit in his representative capacity, and by the final decree the complainant's right to the slaves is sustained, the administrator ought to be charged for their hire, accruing as well after as before the death of his intestate, in his representative and not in his individual capacity.

2. CHANCERY : PLEADING : AMENDMENT.—Neither an amended nor supplemental bill, which proposes to change the frame and essential character of the original, should be allowed; and hence, after a bill against the intestate, for the recovery of slaves and their hire, has been revived against the administrator in his representative capacity, it would be improper to allow an amended or supplemental bill, by which it is proposed to charge him personally for the hire of the slaves accruing after the death of his intestate.

3. SAME.—A supplemental bill is proper and allowable to remedy imperfections in the original bill, where the time has elapsed in which amendments are permitted to be made; but a supplemental bill will never be allowed, where the same

end can be accomplished by amendment; nor will it be allowed when the matter alleged could not, under any circumstances, be introduced by amendment.

APPEAL from the Superior Court of Chancery. Hon. Charles Scott, chancellor.

*D. Mayes*, for appellant.

*D. Shelton*, for appellees.

The demurrer to the supplemental bill was properly sustained for several reasons :—

1. If the complainants had any remedy in chancery, it was not upon a supplemental bill, but by bill of review.

The final decree rendered in December, 1847, settled the rights of the parties by that decree. The taking of the account and all subsequent steps, were but the execution of that decree. By that decree, no such relief is granted as is prayed for by the supplemental bill. It simply directs the account to be taken between complainant, as administrator of Perry's estate and the estate of Murphy, and directs the hire from the time Murphy obtained possession of the slaves to be charged against Murphy's estate. Hull was a party to the suit only by *scire facias* reviving it against him as administrator of Murphy. Under that decree the account could not have been taken otherwise than it was. To have it now taken otherwise, it is necessary to change the decree, or by another order to amend it. For such a purpose a bill of review is the only remedy. 2 Sm. Ch. Pr. 48.

2. This supplemental bill does not state a single fact that did not appear by the record at the time the decree was rendered. It simply re-states facts already appearing on the record; and if the complainant was ever entitled to the relief he now seeks, he would have obtained it by amending the prayer of the original bill, before the decree. But whenever, before decree, the same end might have been obtained by an amendment, the court will not permit a supplemental bill to be filed. 1 Sm. Ch. Pr. 526 ; Mitf. Pl. 60.

3. The matters set up in this supplemental bill were all on the record before the decree was rendered, and the complainant there-

fore had full knowledge of them before that decree was rendered. But a supplemental bill ought to be filed as soon as the new matter sought to be set up is discovered; and if a party proceeds to a decree after discovery of the facts upon which the new claim is founded, he will not be permitted, after the decree, to file a supplemental bill, even though it be in the nature of a bill of review.    3 Paige, R. 204.

4. This supplemental bill seeks, after final decree, to change the whole character of the suit, and from a suit against Hull, as administrator of Murphy, to convert it into one against Hull personally; that cannot be done by supplemental bill.    1 Sm. Ch. Pr. 528; 4 Sim. 76, (6 Eng. Ch. R. 40.)

SMITH, C. J., delivered the opinion of the court.

This is an appeal from the Superior Court of Chancery.

In 1840, William Clark, as the administrator *de bonis non* of one Perry, filed his bill against Peter Murphy, for the recovery of certain slaves, then in the possession of Murphy, and to which he claimed title by virtue of a sale made by the administrator in chief of the said Perry.  During the pendency of the suit, an attachment was issued, commanding the sheriff to seize the slaves, and to hold them, unless Murphy should give bond to have the slaves forthcoming to abide the decree of the court, and to pay all damages, &c.   Murphy gave bond, with surety, accordingly; and the slaves were restored or left in his possession.

Murphy demurred to the bill.  The demurrer was overruled, and upon an appeal, taken to this court, the decree of the chancellor, overruling the demurrer, was affirmed.  Murphy afterwards died; and John T. Hull, the appellee, having administered upon his estate, the suit was revived against him as such.  Hull answered, and the cause, upon bill, answer, and proofs, was submitted, and a final decree rendered in December, 1847.   By which decree it was ordered that Hull should deliver the slaves to the complainant; and also, that an account should be taken of the hire from the time, that is, the 14th of May, 1840, when the slaves went into the possession of Murphy.   From that decree Hull appealed to this court, and the decree was affirmed in December, 1850.   In 1854, the commis-

sioner made his report, showing a balance against Hull up to that date of $1155 30, without discriminating between the amount due before, and after Hull, as the administrator of Murphy, took possession of the slaves.

Exceptions were taken to the commissioner's report; but no objection was based upon the fact that no distinction was made in the amount stated, between the amount of hire which had accrued before and subsequent to the death of Murphy.

Subsequent to these proceedings, the appellant filed his bill, in the nature of a supplemental bill, the object of which was to make the appellee a party to the suit in his individual capacity; and to charge him personally with the amount due for the hire of the slaves subsequent to the death of Murphy.

In the supplemental bill it was alleged that the amount due for hire, prior to the death of Murphy, constituted a proper and legitimate charge against his estate, and for which appellant, as the administrator of Perry, was entitled to a decree against Hull, as the representative of Murphy. That, inasmuch as appellant's intestate was the owner of the slaves, the sum due for hire, accruing subsequent to Murphy's death, was not properly chargeable against his estate, but against the appellee, who did not take the possession of the slaves as the administrators of Murphy, but that he took and held possession in his individual capacity, and is therefore to be regarded as trustee for the appellant. It was further alleged that the appellee had accounted, as the administrator of Murphy, for the hire of the slaves accruing since they went into his possession; and that Murphy's estate was wholly insolvent.

The appellee demurred; his demurrer was sustained, and the supplemental bill dismissed. Hence this appeal is prosecuted.

The bill, in this case, was filed against Murphy for the recovery of certain slaves which were in his possession, and to which he set up title in himself. Pending the controversy, Murphy died, and the suit was revived against the appellee, who had taken out letters of administration upon his estate. It became, therefore, by the revivor, a suit against the appellee, not in his individual capacity, but in his representative character. If Murphy was responsible

for the value of the hire of the slaves which he had then in his possession, the appellee, who took possession of them and held them as his representative, was accountable for their hire while in his possession, as such representative, and in no other capacity. No decree could have been rendered upon the bill, charging the appellee personally with the value of the hire, either before or after the slaves went into his possession. The propriety of the final decree, therefore, so far as it charges the appellee, in his representative character, with the amount which should be found due for hire upon taking the account, is not to be questioned. That decree settled the rights of the parties; and settled them in conformity with the frame and scope of the bill. It is hence manifest that no other relief, at least not the relief sought by the supplemental bill, could be obtained, except by an amendment of the original bill. The question arises, therefore, whether at this stage of the litigation, according to the practice of the court, an amendment of the bill was allowable?

According to the practice of the court, as a general rule, no amendment will be permitted after the parties are at issue upon the points of the original bill, and witnesses have been examined. Mit. Eq. Pl. 55, 325; Story, Eq. Pl. § 332. It seems clear, under this rule, that the proposed amendment could not have been introduced in the mode adopted by the appellant. And there is another reason equally conclusive why no amendment should have been allowed in the original bill, by which the relief sought by the supplemental bill, could be attained.

The proposed amendment, if it had been allowed, would have changed the frame and essential character of the bill; it would have transformed the suit from a proceeding in which it was sought to render the estate of Murphy in the hands of the appellee, as his representative, liable for the complainant's demands, into a suit by which the appellee would be charged in his personal capacity. It is evident that this could not be done without a violation of the clear and well settled rules of practice.

If the bill is to be regarded, strictly, in the nature of a supplemental bill, or as an amended bill in the nature of a supplemental

bill, there can be no question that the demurrer was properly sustained.

A supplemental bill is proper and allowable whenever the imperfection in the original bill arises from the omission of some material fact, which existed before the filing of the bill, but the time has passed in which it could be introduced into the bill by an amendment. This may arise either from the importance of the fact not being understood in the preceding stages of the cause, and hence, not put in issue; or from the fact not having come to the knowledge of the party until after the bill was filed. Story, Eq. Pl. 360, § 333. But it is settled that a supplemental bill will not be allowed whenever the same end may be obtained by an amendment. Mit. Eq. Pl. 62. It follows hence, necessarily, that a supplemental bill will not be allowed, when the matter alleged therein, could not, under any circumstances, be introduced as an amendment to the original bill. And we have above shown that the original bill could not have been so amended as to have authorized a decree charging the appellee *de bonis propriis*, with any portion of the amount due for the hire of the slaves.

Decree affirmed.